UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BARBARA SIMS, | ) | |
| | ) | Case No. 14-7054 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| PENN CREDIT CORPORATION and | ) | |
| PENN CREDIT CORPORATION II, | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |

Now comes the Plaintiff, BARBARA SIMS, by and through her attorneys, and for her Complaint, against the Defendants, PENN CREDIT CORPORATION and PENN CREDIT CORPORATION II, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

1

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in the State of Illinois.

5. On information and belief, Defendants are both corporations of the State of Pennsylvania, which are licensed to do business in Illinois, and which have their principal places of business in Harrisburg, Pennsylvania.

## COUNT I

6. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

7. At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff.

8. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

9. On March 28, 2014, Plaintiff filed a Chapter 7 voluntary bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, case number 14-11508.

10. "Penn Credit" was listed in Plaintiff's bankruptcy petition as holding an unsecured nonpriority claim. Defendants were thereby provided with notice of Plaintiff's bankruptcy filing and notice of the fact that Plaintiff was represented by an attorney with respect to the alleged debt. Said notice was mailed to Defendants' principal business address(es) as listed on their web site, 916 South 14th Street, P.O. Box 988, Harrisburg, PA 17108. *See* https://www.penncredit.com/contact.html.

11. On July 15, 2014, an Order of Discharge was entered in Plaintiff's bankruptcy case, which included the alleged debt which one or both Defendants were attempting to collect from Plaintiff.

12. Despite having been provided with notice of Plaintiff's attorney's representation and having been provided with notice of Plaintiff's bankruptcy filing, one of both Defendants placed excessive and repeated telephone calls to Plaintiff in attempts to collect the alleged debt, including but not limited to calls placed on or about the following dates and times:

 a. April 20, 2014 at approximately 1:59 p.m.;
 b. April 21, 2014 at approximately 8:05 a.m.;
 c. April 21, 2014 at approximately 10:32 a.m.;
 d. April 25, 2014 at approximately 8:09 a.m.;
 e. April 25, 2014 at approximately 8:54 a.m.;
 f. April 26, 2014 at approximately 8:14 a.m.;
 g. April 27, 2014 at approximately 12:35 p.m.;
 h. April 28, 2014 at approximately 8:06 a.m.;
 i. April 29, 2014 at approximately 8:10 a.m.;
 j. April 29, 2014 at approximately 9:22 a.m.;
 k. April 30, 2014 at approximately 8:09 a.m.;
 l. May 13, 2014 at approximately 8:06 a.m.;
 m. May 14, 2014 at approximately 8:06 a.m.;
 n. May 15, 2014 at approximately 9:35 a.m.;
 o. May 16, 2014 at approximately 8:25 a.m.;

       p.       May 17, 2014 at approximately 11:15 a.m.;
       q.       May 18, 2014 at approximately 12:38 p.m.;
       r.       May 19, 2014 at approximately 8:22 a.m.;
       s.       May 20, 2014 at approximately 8:11 a.m.;
       t.       May 21 2014 at approximately 8:21 a.m.;
       u.       May 22, 2014 at approximately 8:30 a.m.;
       v.       May 23, 2014 at approximately 8:16 a.m.;
       w.       June 15, 2014 at approximately 12:59 p.m.;
       x.       June 16, 2014 at approximately 3:44 p.m.;
       y.       June 17, 2014 at approximately 9:22 a.m.;
       z.       June 18, 2014 at approximately 8:06 a.m.;
       aa.       June 19, 2014 at approximately 8:32 a.m.;
       bb.       June 20, 2014 at approximately 8:00 a.m.;
       cc.       June 21, 2014 at approximately 11:37 p.m.;
       dd.       June 22, 2014 at approximately 1:00 p.m.;
       ee.       June 23, 2014 at approximately 9:21 p.m.;
       ff.       June 24, 2014 at approximately 8:44 a.m.;
       gg.       June 27, 2014 at approximately 1:44 p.m.;
       hh.       June 28, 2014 at approximately 12:50 p.m.;
       ii.       June 30, 2014 at approximately 3:32 p.m.;
       jj.       July 1, 2014 at approximately 12:53 p.m.;
       kk.       July 5, 2014 at approximately 1:10 p.m.;
       ll.       July 6, 2014 at approximately 2:06 p.m.;
       mm.       July 7, 2014 at approximately 12:47 p.m.;
       nn.       July 8, 2014 at approximately 10:10 a.m.;
       oo.       July 9, 2014 at approximately 10:41 a.m.;
       pp.       July 10, 2014 at approximately 10:33 a.m.;
       qq.       July 11, 2014 at approximately 11:13 a.m.;
       rr.       July 12, 2014 at approximately 12:16 p.m.; and
       ss.       July 16, 2014 at approximately 10:34 a.m.

13. At the time of telephone calls listed above, Defendants knew, or should have known, that Plaintiff was represented by an attorney and that the alleged debt had been included in Plaintiff's bankruptcy case.

14. In the alternative, one or both Defendants placed some or all of the above telephone calls to the wrong "Barbara Sims" and were therefore attempting to collect an alleged debt from Plaintiff which she did not owe.

15. During some of the telephone calls listed above, Plaintiff advised Defendants' agents, employees and/or representatives that she had filed for bankruptcy protection. After having been so advised, Plaintiff was informed by Defendants' employees, agents and/or representatives that the telephone calls to Plaintiff would stop. However, the telephone calls still continued thereafter.

16. At the time one or both Defendants placed many of the above-listed telephone calls, Plaintiff was asleep. Plaintiff is disabled and suffers from hypertension, diabetes, chronic back and knee pain, and excessive anxiety.

17. The excessive and repeated telephone calls from one or both Defendants for an alleged debt (1) which was included in Plaintiff's bankruptcy case, (2) with respect to which she was represented by an attorney, and/or (3) which she did not even owe, aggravated Plaintiff's medical conditions and caused her severe stress and aggravation.

18. As a result of the aforementioned telephone calls from one or both Defendants, Plaintiff was diagnosed by a physician as having become clinically depressed and was prescribed the generic version of the medication Effexor (venlafaxine) in order to help alleviate her symptoms.

19. As a result of the aforementioned telephone calls from one or both Defendants, Plaintiff, who was already disabled, suffered this new and serious malady which was significantly worse than any emotional issue she had previously experienced.

20. In its attempts to collect the alleged debt as outlined above, Defendants damaged Plaintiff and violated the FDCPA.

21. As a result of Defendants' actions as outlined above, Plaintiff has suffered and continues to suffer embarrassment, humiliation, stress, aggravation, emotional distress and mental anguish.

22. Defendants violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendants had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

   a. Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendants for $1,000 in statutory damages for any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

23. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

24. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendants for $1,000 in statutory damages for any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

25. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

26. Defendants violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring and/or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse and/or harass.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendants for $1,000 in statutory damages for any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

27. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

28. Defendants violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendants for $1,000 in statutory damages for any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

29. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

30. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendants for $1,000 in statutory damages for any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

31. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

32. Defendants violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

   a. Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendants for $1,000 in statutory damages for any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VII

33. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

34. Defendants violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendants for $1,000 in statutory damages for any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VIII

35. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

36. Defendants violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not expressly authorized by the agreement creating the debt and/or where such amount was not permitted by law.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendants for $1,000 in statutory damages for any violations of the FDCPA by either Defendant, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IX

37. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

38. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

39. Defendants are "persons" as defined in 47 U.S.C. § 153(39).

40. On information and belief, one or both Defendants placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

41. On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt which was subject to the automatic stay against collection during

the pendency of Plaintiff's bankruptcy case, had been discharged in Plaintiff's bankruptcy case, and/or was owed by an individual other than Plaintiff.

42. On information and belief, one or both Defendants routinely use an automatic telephone dialing systems and artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

43. Plaintiff did not give Defendants her express consent, invitation or permission to contact her using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given one or both Defendants to contact her was terminated and revoked upon the filing of Plaintiff's bankruptcy case and/or the entry of the Order of Discharge.

44. Defendants' telephone calls to Plaintiff using an automatic telephone dialing system and an artificial and/or prerecorded voice message were not made for emergency purposes.

45. Defendants' telephone calls to Plaintiff utilizing an automatic telephone dialing system and an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission violated 47 U.S.C. § 227(b)(1).

46. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

47. As a result of one or both Defendants' negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

   a. Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by either Defendant;

   b. Judgment against Defendants for statutory damages of $500.00 for each and every negligent violation of the TCPA by either Defendant;

   c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

   d. Any other relief deemed appropriate by this Honorable Court.

## COUNT X

48. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

49. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

50. As a result of Defendants' knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by either Defendant;

    b.    Judgment against Defendants for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by either Defendant;

    c.    Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

    d.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action where such attorneys' fees and litigation costs are recoverable.

RESPECTFULLY SUBMITTED,

BARBARA SIMS

By: /s/ David B. Levin
 Attorney for Plaintiff

David B. Levin
Attorney No. 6212141
David P. Leibowitz
Attorney No. 1612271
Attorneys for Plaintiff'
UpRight Litigation LLC
25 E. Washington Street
Suite 400
Chicago, IL 60602
Phone: (877) 852-3292
Fax: (866) 359-7478
dleibowitz@lawsolutionsbk.com
dlevin@lawsolutionsbk.com